Curran, Dennis J., J.
The EMC Corporation drafted the Key Employment Agreement at issue in this case. That Agreement permitted only equitable claims for injunctive relief that could be brought in ajudicial forum, reserving all other claims for arbitration. (See last paragraph entitled “Arbitration” of that Agreement.)[1] EMC now seeks judgment for seven causes of action (prayer (A)), a permanent injunction against the defendants from using or possessing EMC property (prayer (B)) and an accounting of such property (prayer (Q).
This is, by EMC Corporation’s own terms, a limited proceeding, not triggering the broad discovery ordinarily envisioned by Mass.R.Civ.P. 26. Such restriction was not imposed by this court, but rather by the parties (including EMC) during the negotiation process — implicitly to realize the benefits attendant to an *476 arbitration’s speedy determination of a controversy and an effort to keep a careful eye on attorneys fees. Now, EMC seeks to change the rules of the game.
This lawsuit is — or should be — limited to the return of EMC’s documents. Damage claims, by the terms of the parties’ prior agreement, “will [] be submitted to arbitration.” Notwithstanding the defendants’ representations in its opposition memorandum that “all documents in which EMC claims an ownership interest have been identified and produced,” the defendants are hereby immediately ordered to return to EMC any and all originals and copies of all EMC property within their possession, custody or control and provide forthwith an accounting of any and all “. . . products, plans, services, or other customer materials that involve or rely on any EMC [property.”
Moreover, the defendants shall make themselves available for deposition within (60) days after such production.
All other disputes arising from the defendants’ employment with EMC (including all discovery disputes related thereto) are reserved for the pending arbitration matter.
Finally, a Notice of Litigation Control Conference accompanies this Order, the agenda for which shall be what matter, if any, remains for adjudication by this court.
ORDER
For these reasons, the plaintiffs motion to compel discovery is DENIED, except that the plaintiff may depose the defendants within sixty (60) days of defendants’ production of the EMC property as defined by prayers (B) and (C) of the complaint, and its manifest or accounting to EMC of such products, plans, services, customer materials or any other documents, whether stored on paper or in electronic format, which the defendants have, or have had, in their possession, custody or control since their date of separation from EMC in June 2010.
No costs or fees are awarded.

“You agree that binding arbitration shall be the sole and exclusive remedy for resolving any Individual Legal Dispute [ ] initiated either by the Company or by you arising out of or relating to your employment by EMC***provided, however, that you or the Company may file and pursue litigation in a court proceeding for temporary, preliminary and permanent injunctive relief. . .”